UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON FERNANDO ZHIZHPON LUCERO,<br><br>   Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>   Respondents. | Case No. 26-cv-00859-BAS-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Wilson Fernando Zhizhpon Lucero filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly denied a bond hearing. (ECF No. 1.) He requests that he be granted a bond hearing within 7 days. (*Id.*) The Government responded to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 7.) However, the Government requests that the bond hearing be ordered no earlier than 14 days. (*Id.*) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 7 days.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Ecuador, has lived in Elizabeth, New Jersey, since 2020. (ECF No. 1 ¶¶ 15, 40.) He has no arrests of criminal record. (*Id.* ¶ 43.) He has employment, a long-term partner, and cares for his partner's five-year-old child. (*Id.*) In November 2025, Immigration and Customs Service ("ICE") detained him while he was walking down the street. (*Id.*) He has been denied a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*) Petitioner requests that he be granted a bond hearing before an Immigration Judge pursuant to 8 U.S.C. §1226 within 7 days. (*Id.* ¶ 4.)

## III. ANALYSIS

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL

266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Wilson Fernando Zhizhpon Lucero within 7 days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).  If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**